# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita B. Francisco,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-08046-PHX-JZB<br><br>**ORDER** |

Plaintiff Rita B. Francisco seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

**I.  Background.**

On March 24, 2014, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning May 31, 2011. (AR 15.) On October 21, 2016, she appeared with her attorney and testified at a video hearing before the ALJ. A vocational expert also testified. On February 3, 2017, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's

decision the Commissioner's final decision.

## II. Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the

Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016, and that she has not engaged in substantial gainful activity since May 31, 2011. At step two, the ALJ found that Plaintiff has the following severe impairments: "vertiginous syndromes and hearing loss." At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> the full range of light work as defined in 20 CFR 404.1567(b) except she must avoid concentrated exposure to fumes, odors, dusts gases and poor ventilation as well as hazards.

(AR 18.) The ALJ further found that Plaintiff is able to perform any of his past relevant work, and thus Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from May 31, 2011, the alleged onset date, through December 31, 2016, the

date last insured (20 CFR 404.1520(1))." (AR 23.)

**IV. Analysis.**

Plaintiff argues the ALJ's decision is defective for three reasons: (1) the ALJ failed to properly evaluate the statements of Plaintiff and others regarding Plaintiff's symptoms and the extent to which the symptoms limit her ability to perform work-related activities under Social Security Ruling (SSR) 16-3p; (2) the ALJ failed to properly consider the combination of Plaintiff's severe and non-severe impairments under 20 C.F.R. § 404.1545(e) and SSR 96-8p; and, (3) the ALJ failed to provide a narrative discussion linking his conclusions to the evidence under SSR 96-8p. (Docs. 17, 19.) The Court finds that the ALJ erred in evaluating Plaintiff's symptom testimony and will remand for further proceedings.

**A. The ALJ Erred in Evaluating Plaintiff's Credibility.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citing *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. In other words, the ALJ found Plaintiff's statements not credible to the extent she claims she is unable to perform in a competitive work environment.

At the hearing Plaintiff testified that she cannot hear out of her left ear, she can only use a computer for about ten minutes before getting headaches, and she gets dizzy when she looks at the monitor. (AR 32-34.) She testified that using the keyboard causes pain in her wrists and fingers. (AR 34.) She testified her vertigo started in 2009. (AR 34.) She stated she travels often but cannot drive more than short distances because of the vertigo. (AR 34, 40.) She testified that she cannot lift her arm because it is painful. (AR 35.) She testified she has difficulty getting dressed in the mornings. (AR 36-37.) She testified that she must lay down at least twice a day for thirty minutes at a time due to symptoms. (AR 37-38.) She has also testified that, on a "good day" she is able to take a walk with her husband, but she must "hold on to [her] husband and" use a cane to assist with ambulation. (AR 38.) She cannot grocery shop. (AR 40.) She is unable to see out of her left eye. (AR 40.) She gets pain in her elbow, and inflammation in her hands. (AR 42.) She has compression gloves to manage the inflammation in her hands but does not wear them when her hands are too swollen to get them on. (AR 43.) She testified she does not take medication because she is "allergic to medication." (AR 44.) She can no longer engage in tasks such as horseback riding, hiking, sewing, bead work, and reading. (AR 46.)

The ALJ's reason for discounting Plaintiff's symptom testimony is somewhat unclear because the ALJ fails to clearly articulate her reasoning. Specifically, the ALJ states

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(AR 19.) The Court is able to infer from statements later in the ALJ's decision that the ALJ's reasons for discounting Plaintiff's symptom testimony include that (1) the symptom testimony is inconsistent with the medical evidence of record, including Plaintiff's statements to providers, and (2) the symptom testimony is inconsistent with Plaintiff's activities of daily living. (AR 20.) Specifically, the ALJ provides that

> The claimant's statements to providers regarding the severity of her symptoms and her activities of daily living have also been considered in determining the claimant's work abilities. Notably, CoreBalance Therapy records from January 2012 indicate the claimant presented complaining she woke up to spinning sensation and three years ago had a similar sudden-onset vertigo (4F: I). As for frequency, the claimant reported she has episodes every year for the last few years between November and February (*Id.*). In February 2012, the claimant was reporting that she was able to do a full 70-min spinning (stationary bike) class at the gym last night and felt fine (*Id.* at 4). The undersigned finds the statements and activities are inconsistent with the disabling allegations of the claimant in her Function Report-Adult as well as with her testimony at the hearing where she alleged she needs help tying her own shoes, needs assistance from her husband and a cane to walk, and can only perform minimal household chores. The claimant did report inability to perform daily activities, watch her granddaughter, watch television or drive a car in a later visit, however, the claimant was put into therapy and instructed on home exercises to alleviate symptoms (*See* Exhibit 4F:5-6). The evidence overall is more consistent with the findings of limitation in the claimant's residual functional capacity in this decision.

(AR 20.)

The Court finds that the ALJ's reasoning has failed to reach the specific, clear, and convincing standard for discounting Plaintiff's testimony. The ALJ does not articulate any finding comparing Plaintiff's testimony and the medical evidence, and instead relies solely his assertion that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 19.) Such reliance on a vague and conclusory assertion is insufficient. *See Vasquez*, 572 F.3d at 591 (9th Cir. 2009) (finding that an ALJ's "vague allegation that they were 'not consistent with the objective medical evidence'" was insufficient to support the ALJ's decision to discount Vasquez's symptom testimony.). Accordingly, the Court finds that this reasoning is not clear and specific and is insufficient for discounting Plaintiff's symptom testimony.

Regarding Plaintiff's daily activities, the ALJ provides only a single finding, noting that Plaintiff reported completing a 70-minute spin class in 2012. (AR 20.) The ALJ implies that Plaintiff's participation in this single event demonstrates an inconsistency in Plaintiff's reported symptoms. But that single report appears to be isolated, and not reflective of the record as a whole. Indeed, the record is replete with Plaintiff's consistent reports of limitations standing, walking, seeing, dressing, difficulties using her hands, her pain in her

right shoulder and neck, her headaches, and overall joint and muscle pain experienced on a daily basis. (*See, e.g.*, AR 36-37, 45, 370, 372, 397, 405, 409, 412, 415, 432, 443-45, 457, 459, 462). After thorough review of the record, the ALJ's reference seems to be "cherry-picked" in support of his decision to discount Plaintiff's testimony. *See Garrison*, 759 F.3d at 1017 ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.")

Furthermore, the Court is not convinced that the single spin class demonstrates an inconsistency in Plaintiff's testimony. The Court notes that nothing in Plaintiff's report speaks to the level of exertion she maintained during the spin class. And the ALJ does not articulate how Plaintiff's ability to sit atop a stationary bike contradicts her reported symptoms, especially if Plaintiff's exertion/participation level in the class is unknown. Accordingly, the Court finds that the ALJ's reliance on Plaintiff's daily activities to discount her symptom testimony falls short of the clear and specific reasoning required.

The Commissioner argues that the Court should disregard Plaintiff's argument that the ALJ erred in evaluating her symptom testimony because "Plaintiff does not explain how the ALJ's discussion was vague or not well reasoned." (Doc. 18 at 10.) The Commissioner's argument is not persuasive. An ALJ's decision fails when, as in this instance, the ALJ fails to make specific comparisons between a claimant's testimony and the medical evidence the decision summarized demonstrating how the two are insufficient. "This failure alone" is sufficient to show the ALJ erred in evaluating Plaintiff's symptom credibility. *See Vasquez*, 572 F.3d at 591 (finding the ALJ erred where they provided "no level of comparable analysis from which we could evaluate the sufficiency of the credibility determination."); *See also Pulliam v. Berryhill*, 728 Fed. App'x 694, 697 (9th Cir. 2018) (finding an ALJ erred in discounting a claimant's testimony because the ALJ failed to "point to specific facts in the record that support [the ALJ's] findings that "[claimant] did not receive the type of treatment 'one would expect for a totally disabled individual,' [claimant's] descriptions of symptoms were inconsistent, unpersuasive, vague,

and general, [claimaint's] work history indicates that she can work despite her impairments, and [claimant] is able to engage in daily activities and go on occasional trips[.]"); *Bergin v. Berryhill*, No. CV-16-2762-PHX-DGC, 2017 WL 3215555, at *5 (D. Ariz. July 28, 2017) (finding that an "ALJ's conclusion that Plaintiff's testimony is not consistent with the medical evidence of record is erroneous" when "the ALJ's decision failed to make a comparison between Plaintiff's testimony and the medical evidence the decision summarized" and that "[t]his failure alone shows that the ALJ did not satisfy her burden of providing clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.").

Here the ALJ provided no reasoning for how Plaintiff's testimony was inconsistent with the medical record. And, as discussed above, the ALJ's single finding as to Plaintiff's daily activities was not supported by the record as a whole. On remand, the ALJ must provide "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p.

**B.     Plaintiff's Claims Under SSR 96-8p.**

Plaintiff has asserted two allegations of error under SSR 96-8p. First, Plaintiff asserts that the ALJ failed to properly consider the combination of Plaintiff's severe and non-severe impairments under 20 C.F.R. § 404.1545(e), and second, the ALJ failed to provide a narrative discussion linking his conclusions to the evidence. (Doc. 17 at 10-13.) Because the Court will remand for reasons discussed above, it need not address these claims. The Court notes, however, that on remand, the ALJ should take care to evaluate Plaintiff's disability status consistent with SSR 96-8p, including evaluation of both severe and non-severe impairments and providing a narrative discussion that links the ALJ's conclusion to the evidence upon which they rely.

**C.     Remand.**

Generally, an action should be remanded for an immediate award of benefits when

the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

In this instance, Plaintiff's only requested relief is that the Court remand for further proceedings. (Doc. 17 at 15; Doc. 19 at 4.) Further, the Court does not find that crediting Plaintiff's symptom testimony as true would necessarily require a finding of disability on remand. Accordingly, the Court, in its discretion, will grant the requested relief, and remand for further proceedings.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 19th day of March, 2019.

Honorable John Z. Boyle
United States Magistrate Judge